## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 12 2016, 8:01 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brian J. May
South Bend, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Katherine Modesitt Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Candelario Rangel, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | April 12, 2016 <br><br> Court of Appeals Case No. <br> 71A04-1512-CR-2159 <br><br> Appeal from the St. Joseph <br> Superior Court <br><br> The Honorable John M. <br> Marnocha, Judge <br><br> Trial Court Cause No. <br> 71D02-1504-F1-7 |

**Robb, Judge.**

# Case Summary and Issue

[1] Following a bench trial, Candelario Rangel was convicted of two counts of Level 1 felony child molesting. Rangel appeals, raising the sole issue of whether the evidence is sufficient to support his convictions. Concluding the State presented sufficient evidence, we affirm Rangel's convictions.

# Facts and Procedural History

[2] Rangel is B.V.'s grandfather. In 2014, Rangel's grandchildren often visited his home in South Bend, Indiana. Rangel's son, Jorge, also lived in the house. Occasionally during visits the children would leave Rangel's house and walk to a nearby convenience store to buy snacks. However, B.V. usually stayed behind with Rangel, at Rangel's insistence. Often when the children returned, B.V. would be exiting Rangel's bedroom, money in hand. The door of the bedroom was otherwise always locked. On one occasion, Jorge noticed B.V. "touching herself." Transcript at 56. When he asked B.V. why she was doing this, she said "someone had taught her how." *Id.*

[3] At some point, B.V.'s older brother, L.A., became suspicious. He noticed Rangel kissed B.V. "not as the way a grandpa should." *Id.* at 19. When he asked B.V. about their grandfather, B.V. started to cry and told L.A. that Rangel would kiss her when they were alone. L.A. immediately told their mother, who called the police. The South Bend Police Department assigned the case to Detective Douglas Masterson. Detective Masterson observed B.V.'s

forensic interview at the CASIE Center, at which time B.V. disclosed Rangel had kissed her "private." Appendix at 11. Using a diagram, she indicated her "private" referred to her vagina. *Id.*

[4] Detective Masterson interviewed several other family members and then arranged an interview with Rangel, a native Spanish speaker. A bilingual officer was present during the interview with Rangel to assist with translation as needed. After being advised of his *Miranda* rights in both English and Spanish, Rangel agreed to speak with Detective Masterson. In the course of the interview, Rangel admitted to placing his mouth on B.V.'s vagina while they were alone in his bedroom. According to Rangel, six-year-old B.V. jumped on his bed and pulled her pants down on her own. He stated "he was going through a depression" and "couldn't help himself" when she pulled her pants down. Tr. at 77. Thereafter, B.V. disclosed to a victim advocate that Rangel had also touched her "private" with his penis. App. at 13.

[5] Rangel was arrested and charged with two counts of Class A felony child molesting and two counts of Level 1 felony child molesting. Counts I and II alleged Rangel performed sexual deviate conduct and sexual intercourse with B.V. sometime between October 19, 2012, and June 30, 2014. Counts III and IV alleged he performed sexual intercourse or other sexual conduct with B.V. between July 1, 2014, and October 17, 2014.[1] Prior to trial, Rangel filed a

[1] Effective July 1, 2014, Indiana replaced "classes" of felonies with "levels" of felonies. *See* Pub. L. No. 168-2014; Pub. L. No. 158-2013.

motion to suppress the statements he made during the interview with Detective Masterson.  The trial court denied the motion, and a bench trial was held.

[6]     B.V. testified Rangel pulled down her pants, kissed her mouth and "private," and "put his private in [her] private."  Tr. at 29, 35.  When asked what she considered to be her "private," B.V. circled the vagina on a drawing of a girl; when asked what she considered to be her grandfather's "private," she circled the penis on a drawing of a boy.  *See id.* at 30-31; State's Exhibits 7, 8.  She testified it happened "more than one time" at her grandfather's house, tr. at 31-32, and stated he gave her money and promised to buy her "big girl makeup" if she did not tell anyone what he did, *id.* at 33.  Rangel also testified.  He admitted Jorge had asked if he ever "touched [B.V.'s] private things," *id.* at 140, but he denied molesting B.V.  Rangel claimed he lied to the police when he admitted to placing his mouth on B.V.'s vagina.

[7]     The trial court found Rangel guilty of Counts III and IV and not guilty of Counts I and II.  In its written findings, the trial court explained that it considered the victim's testimony "credible and persuasive" but did not find any evidence to support the allegations of abuse occurring prior to July 1, 2014.  App. at 25.  Thereafter, the trial court sentenced Rangel to thirty-five years on each count, to be served concurrently in the Department of Correction.  This appeal followed.

# Discussion and Decision

## I. Standard of Review

In reviewing the sufficiency of the evidence, we consider only the probative evidence and reasonable inferences that support the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). We consider conflicting evidence most favorably to the trial court's ruling and will affirm the conviction unless no reasonable fact-finder could find the elements of the offense proven beyond a reasonable doubt. *Id.* "It is the fact-finder's role, not that of appellate courts, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction." *Id.*

## II. Child Molesting

Indiana Code section 35-42-4-3(a)(1) (2014) provides in relevant part,

> A person who, with a child under fourteen (14) years of age, knowingly or intentionally performs or submits to sexual intercourse or other sexual conduct . . . commits child molesting, a Level 3 felony. However, the offense is a Level 1 felony if . . . it is committed by a person at least twenty-one (21) years of age[.]

"Other sexual conduct" includes an act involving "a sex organ of one (1) person and the mouth or anus of another person." Indiana Code section 35-31.5-2-221.5(1).

Rangel was convicted of two counts of Level 1 felony child molesting. He argues this court should reweigh the evidence because he recanted his

confession at trial. Accordingly, "the trier of fact could have discounted its' [sic] evidentiary value." Brief of Appellant at 7. He contends that without his confession, the evidence is insufficient because the case would rest solely on the victim's testimony.

[11] Our supreme court has held the uncorroborated testimony of a victim is sufficient evidence to sustain a conviction for child molesting. *Carter v. State*, 754 N.E.2d 877, 880 (Ind. 2001), *cert. denied*, 537 U.S. 831 (2002). But more importantly, our standard of review is clear. We do not reweigh evidence or assess the credibility of witnesses. *Drane*, 867 N.E.2d at 146. B.V. testified Rangel kissed her "private" and "put his private in [her] private." Tr. at 29, 35. Rangel admitted during the investigation he placed his mouth on B.V.'s vagina, and the trial court admitted his confession. Other family members testified to inappropriate kissing and to B.V. "touching herself" because "someone had taught her how." *Id.* at 56. We conclude the evidence was sufficient to prove sixty-year-old Rangel knowingly performed sexual intercourse or other sexual conduct with B.V., a six-year-old child.

# Conclusion

[12] The evidence is sufficient to support Rangel's convictions for Level 1 felony child molesting. We therefore affirm his convictions.

[13] Affirmed.

Najam, J., and Crone, J., concur.